McFablakd, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted of petit larceny in the Criminal Court of Montgomery county. His motions fór a new trial, and in arrest of judgment, were overruled, and judgment pronounced upon the verdict; from which an appeal in error has been prosecuted to this court.
The first question presented by the counsel for the prisoner, is, as to the sufficiency of the venire facias for the panel out of which the grand jury were empaneled.
The Act of July, 1870, creating the Criminal Court of Montgomery, provides, that the judge holding said court shall have power, from time to time, to appoint a grand jury and two petit juries to attend its regular and special terms; and Section 11 says that the Judge of said Criminal Court shall not only appoint the grand jury and petit juries for said court, and cause a venire facias to be issued to the sheriff of said county, but shall have power at any time that it may be necessary to cause to be summoned other persons to serve as jurors in said court.
The only objection made, is, that the venire in this cause is issued and signed by the judge himself, when it should have been issued and signed by the clerk.
*335 The argument is, that by- law it is made the duty of the Clerk of the County Court, in counties where there is no special act of this character, to issue the writ for the panel designated by the justices; and by this act, it was intended that the judge should perform the duty simply of designating the names of the jurors, leaving the clerk to issue the writ as before.
Under the provisions of the Code, Section 5242, this court could not arrest the judgment, if the venire facias had been entirely omitted from the transcript.
We are not prepared to say that this venire facias is in any respect defective. It would seem to be rather sticking in the bark to hold that the judge may cause that to be done through the clerk, who, in this respect, is a mere ministerial officer, which he could not directly do himself.
We think the objection is purely technical and without substance, and that it can not prevail at this day.
The next question is, as to the sufficiency of the indictment. The charging part is in these words: “That Woo.dfolk Lewis, on the 20th day of May, 1871, in the State of Tennessee, and county of Montgomery aforesaid, feloniously took and carried away one five and one two dollar greenback bill United States currency, National Bank bills, and money, of the goods and chattels of Dan Kelly, and of the value of seven dollars,” &c. It can not be denied that the technical strictness that formerly prevailed in criminal proceedings was often carried to extreme lengths. The tendency of modern legislation, as well as the recent rulings of this court, has been to ignore many of these mere forms and technicalities, and *336 not to encourage the discharge of criminals from punishment upon flimsy and unsubstantial objections.
We must be careful, however, that this reform, which certainly is to be commended, be not carried to the other extreme.
The Constitution provides, “that no person shall be put to answer any criminal charge but by presentment, indictment or impeachment. That the accused has a right to demand the nature and the cause of the accusation against him, and to have a copy thereof.” The question is, what is a compliance with these constitutional guaranties? The Code 5114 provides, “that the statement of facts constituting the offense in an indictment, shall be in ordinary and concise language, without prolixity or repetition.”
It has always been held, that the statement of facts in the indictment • should conform to the substantial requirements of the science of pleadings, which is a part of our common law. Does this indictment meet these requirements — is it a single and concise statement of the nature of the accusation? We think not. “One five and one two dollar greenback bill, United States currency National Banks bills, and money.” Can it be determined from this statement, with reasonable certainty, what it is that is charged to have been stolen? Certainly greenback -bills, United States currency, National Bank bills, and money, can not all mean the same thing; and to charge in the same count that a bill is a greenback bill, United States currency, National Bank bill, is certainly indefinite and uncertain in its description of the articles said to have been *337 stolen; nor can this defect be cured by rejecting as surplusage a part of this charge, so as to render intelligible that which remains. We could not determine what part to reject. A proper administration of the law requires that we shall preserve the substance of the law of criminal pleadings. We have no ease directly upon this point, but this view we think is sustained by the general principles of the cases of Longbottoms v. The State, 11 Hum., 39; Pyland v. The State, 4 Sneed, 357; Baldwin v. The State, 1 Sneed, 413, and the unreported case of Fanny Merritt v. The State, decided by this court at December Term, 1870.
We are not to be understood as holding that the indictment should give an exact description of the bills alleged to have been stolen; this would often be impracticable, and it has been held that an indictment charging the stealing of valuable bank notes is sufficient; but we think the indictment should designate the articles alleged to have been stolen with reasonable certainty, whether bank notes or anything else.
We are, therefore, constrained to arrest the judgment, but the prisoner will be held in custody, and remanded for another indictment.